IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02540-WYD-MEH

WALTER DANIEL FLYE, III,

    Plaintiff,

v.

ELIZABETH SCHOOL DISTRICT C-1,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is the Defendant's Motion for Protective Order [doc #33]. The motion has been referred to this Court for disposition [doc #34]. Oral argument would not materially assist the Court in the determination of this matter. For the reasons stated herein, the motion is **denied**.

    Defendant requests protection from disclosure of certain confidential information in this matter. In particular, Defendant seeks a protective order limiting the disclosure of the personnel file and payroll records of a former employee, Dawn Rhodes, as well as "any other confidential information that Plaintiff may request during the pendency of this matter." Docket #33 at 1-2. Plaintiff counters that Defendant's request for protection is overly broad and "contrary to the seeking of 'Openness' in judicial proceedings." Docket #35 at ¶ 1. Plaintiff attached to his response a copy of a General Release executed by Dawn Rhodes directing the Defendant to "disclose complete information" to Plaintiff's counsel. *See* docket #35-2.

    The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of

good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c) (2008). To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

A protective order may issue only upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c). The good cause standard of 26(c) is not met by conclusory statements. *Klesch & Co. Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D. Colo. 2003). Instead, "the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to that moving party." *Id.* (citing *Exum v. United States Olympic Committee,* 209 F.R.D. 201, 206 (D. Colo. 2002)). As a general rule, the "good cause" calculation requires that the court balance "the [moving] party's need for information against the injury which might result from unrestricted disclosure." *Exum,* 209 F.R.D at 206 (citations omitted).

Here, Defendant has failed to demonstrate good cause for its proposed restriction on certain discoverable information. While Defendant asserts that it is obligated to protect the privacy interests of its employees, including Dawn Rhodes, such obligation is not present where Ms. Rhodes herself requested disclosure of the confidential information to a third party. Moreover, Defendant's supposition that Plaintiff "may" request additional confidential information during the course of this litigation is insufficient to meet its burden to show a "clearly defined and serious injury" as

2

necessary to demonstrate good cause.

Accordingly, for the reasons set forth herein, Defendant's Motion for Protective Order [filed September 18, 2008; doc #33] is **denied**.

Dated this 2nd day of October, 2008, in Denver, Colorado.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge